FRANK N. WEEKS *vs.* JAMES P. HILL.

Kennebec.     Opinion June 4, 1895.

*Sales.   Husband and Wife.   Remedy.   Agency.   Stat. 13 Eliz. c. 5.*

Actual insolvency of the donor of a gift of property, is not an indispensable element in the proof of a fraudulent intent as to creditors.

When a conveyance is made without consideration, the fact of the grantor's insolvency is undoubtedly presumptive evidence of a fraudulent purpose towards creditors; but it is not a conclusive, nor the only, criterion by which to determine that question.   The facts and circumstances may clearly show under Stat. 13 Eliz. c. 5, such a fraudulent intent on the part of a grantor who is not actually insolvent.

Whether a conveyance is made with an intent to hinder, delay and defraud creditors is a question of fact for the determination of the jury upon the consideration of all the circumstances attending the conveyance.

*Semble,* that the remedy of creditors is wholly an equitable one in cases of fraudulent conveyances of personal as well as real property between husband and wife.

*Held;* that there being evidence from which a jury might infer that the husband acted only as the wife's agent in purchasing the chattels, an instruction that she must be proved to be insolvent in order that creditors may avoid the transaction and so hold the property as belonging to the wife, would be erroneous.

ON MOTION AND EXCEPTIONS.

This was an action of replevin of four cows tried to a jury in the Superior Court, for Kennebec county, and in which the plaintiff obtained a verdict. The defendant, an officer, who had seized the cows on an execution against the plaintiff's wife, as her property, moved for a new trial and took exceptions to a portion of the charge of the presiding justice as appears in the opinion.

*W. C. Philbrook,* for plaintiff.
*Harvey D. Eaton* for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

WHITEHOUSE, J. This is an action of replevin for four cows taken by the defendant, as a deputy sheriff, by virtue of an execution against Alice Weeks, the wife of the plaintiff, and in favor of Mary C. Wing. The judgment on which the execution issued was recovered on a promissory note signed by Alice Weeks and payable to her sister, Mary C. Wing, for the sum of one hundred and thirty-five dollars, dated April 30, 1892. The cows were found by the officer in the custody of the plaintiff, and it is not in controversy that at least two of them were purchased by the plaintiff with money furnished by his wife, Alice Weeks, October 1, 1892. It was contended in behalf of the defendant that if this was a gift from the wife to her husband it was made in fraud of existing creditors, and that the officer was justified in seizing the cows purchased with it, as the property of the wife.

The verdict was for the plaintiff, and the case comes to this court on motion and exceptions by the defendant.

The presiding justice instructed the jury, inter alia, as follows :
"If Mrs. Weeks was insolvent, was owing this debt to Mrs.
Wing, her sister, and for the purpose of preventing her recov-
ering her debt, passed this money over into the hands of her
husband with his knowledge or connivance, it would be such a
fraud as would make void the gift, and anything purchased with
that money could be pursued by Mrs. Wing, the creditor, and
taken in satisfaction of her execution. . . . . . . You see that
the premises which must be proven in order to make it a fraud
must be that Mrs. Weeks, at the time she gave the money to
her husband, was insolvent, and that she gave it to him with
intent to defraud her sister or prevent her recovery of her debt."

This instruction must be held erroneous.   Actual insolvency
of the grantor in a voluntary conveyance, or of the donor of a
gift of property, is not an indispensable element in the proof of
a fraudulent intent as to creditors.   Whether or not a gift, sale
or conveyance is made in good faith or with the intent to hinder,
delay or defraud creditors, under the Statute 13 Eliz. c. 5,
recognized as a part of the common law of this State, is a ques-
tion of fact for the determination of the jury upon consideration
of all the circumstances attending it.   *French* v. *Holmes*, 68
Maine, 525 ; *Laughton* v. *Harden*, 68 Id. 208 ; *Thacher* v.
*Phinney*, 7 Allen, 146 ; *Pomeroy* v. *Bailey*, 43 N. H. 118.
When a conveyance is made without consideration, the fact of the
grantor's insolvency is undoubtedly presumptive evidence of a
fraudulent purpose towards creditors ; but it is not a conclusive
nor the only criterion by which to determine that question.
The facts and circumstances may clearly show such a fraudulent
intent on the part of a grantor who is not actually insolvent.
*Parkman* v. *Welch*, 19 Pick. 231 ;   *Parish* v. *Murphree*, 13
How. 92.   It is not necessary that insolvency should either be
proved or presumed in order to render a voluntary conveyance
void as to creditors.   Bump on Fraud. Convey. 293, and cases
cited.

But the plaintiff contends that any error in this instruction
respecting the insolvency of the donor as an element in the proof

of fraud, becomes immaterial in this case, for the reason that the title to the cows had never been in the wife, Alice Weeks, but was vested directly in the husband, and hence if it be conceded that there was a gift of the money made in fraud of creditors, the cows purchased with it were not subject to seizure on execution but could only be reached, and made available to the execution creditor, by a proceeding in equity.

This contention of the plaintiff that tangible property, susceptible of identification, purchased with money thus fraudulently given by the wife to the husband, cannot be seized on execution as the property of the wife, but can only be reached by process in equity, is supported by the rule laid down in *Low* v. *Marco*, 53 Maine, 45, in which the title to real estate fraudulently conveyed by the husband to the wife, was under consideration, and to some extent by the doctrine of *Lawrence* v. *Bank*, 35 N. Y. 320; and although a different conclusion has been reached by several courts of last resort in other states, it may be conceded, that the same rule will be followed in this State in cases involving the title to personal property. Still the erroneous ruling in question may have been material; for there was evidence in this case tending to show, and the jury might have been justified in so finding, that in purchasing the cows, the plaintiff acted only as the agent of his wife. In that event, the ownership of them originally vested in the wife, and the act of fraud towards her creditors, if any, consisted not merely in placing the money in her husband's hands, but in transferring the cows purchased into his custody to be held in his name and as his property for the purpose of preventing a levy thereon by the execution creditor. In this view of the case the erroneous instruction was equally prejudicial, and the entry must be,

*Exceptions sustained.*